UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **OLIJAHJUAN RICHARD** | **CIVIL ACTION NO.** |
| **VERSUS** | **22-276-SDD-EWD** |
| **ASCENSION PARISH JAIL** | |

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on March 6, 2023.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

OLIJAHJUAN RICHARD                                CIVIL ACTION NO.

VERSUS                                                        22-276-SDD-EWD

ASCENSION PARISH JAIL

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court on the Complaint, as amended,[1] of Plaintiff Olijahjuan Richard ("Richard"). Based on the screening process under 28 U.S.C. §§ 1915(e) and 1915A, it is recommended that this matter be dismissed without prejudice as legally frivolous and for failure to state a claim due to Richard's failure to exhaust administrative remedies before filing, as required by 42 U.S.C. § 1997e.

**I. BACKGROUND**

Richard filed this suit on or about April 26, 2022 against a single defendant, the Ascension Parish Jail, alleging violations of his constitutional rights pursuant to 42 U.S.C. § 1983.[2] Richard seeks monetary relief.[3]

**II. LAW & ANALYSIS**

**A. Standard of Review**

Pursuant to 28 U.S.C. §§ 1915(e) and 1915A, this Court is authorized to dismiss a claim by a prisoner against a governmental entity or an officer or employee of a governmental entity, or by any other plaintiff who has been granted IFP status, if the claim is frivolous, malicious, or fails

---

[1] R. Docs. 1 & 3.
[2] Although the suit was not filed in this Court until April 28, 2022, the envelope in which the letter relating to Richard's claims was contained is postmarked April 26, 2022. R. Doc. 1, p. 2.
[3] R. Doc. 3, p. 5.

to state a claim upon which relief may be granted.[4] The screening process is intended to give the court the ability to separate those claims that may have merit from those that lack a basis in law or in fact. Dismissal of any claim that does not pass court screening may be made before service of process or before any defendant has answered.

To determine whether a complaint fails to state a claim under §§ 1915(e) and 1915A, courts apply the same standard used for dismissal under Fed. R. Civ. Proc. 12(b)(6).[5] Accordingly, the court must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff.[6] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[7] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[8] For a complaint to survive dismissal, it "must contain enough factual allegations to raise a reasonable expectation that discovery will reveal evidence of each element of the plaintiffs' claim."[9]

While the screening process does give the court the rare power to 'pierce the veil' of the factual allegations,[10] pleaded facts that are merely improbable or strange are not frivolous for purposes of screening.[11] A claim is factually frivolous only if the alleged facts are "clearly baseless,

---

[4] §1915(e) provides for dismissal of claims that are frivolous, malicious, or fail to state a claim where the plaintiff was granted leave to proceed *in forma pauperis* ("IFP"); §1915A provides for dismissal of claims by prisoners against a governmental entity or employee of a governmental entity for the same reasons regardless of the pauper status of the plaintiff. Richard was granted IFP status on June 16, 2022, so both statutes apply. R. Doc. 5.
[5] *Bazrowx v. Scott,* 136 F.3d 1053, 1054 (5th Cir. 1998) (recognizing that the standards for determining whether a complaint fails to state a claim for relief are the same under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A and Fed. R. Civ. P. 12(b)(6).
[6] *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).
[7] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).
[8] *Id.*
[9] *AGEM Management Services, LLC v. First Tennessee Bank Nat. Ass'n*, 942 F.Supp.2d 611, 617 (E.D. La. April 25, 2013), citing *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 255-57 (5th Cir. 2009).
[10] *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).
[11] *Id.* at 33; *Ancar v. Sara Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992).

a category that includes allegations that are 'fanciful,' 'fantastic,' and 'delusional.'"[12]  A claim is also subject to dismissal if it has no legal basis, "such as if the complaint alleges the violation of a legal interest which clearly does not exist."[13]

### B. Richard Failed to Exhaust Administrative Remedies[14]

The Prison Litigation Reform Act ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under § 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."[15]  The PLRA's exhaustion requirement is mandatory, and unexhausted claims may not be brought in federal court.[16]  When a prisoner fails to exhaust his administrative remedies, he fails to state a claim upon which relief may be granted [17]  Generally, a prisoner's failure to exhaust administrative remedies is an affirmative defense under the PLRA and prisoners "are not required to specially plead or demonstrate exhaustion in their complaints."[18]  However, a district court may dismiss a case for failure to state a claim on its own motion, based on failure to exhaust, "if the complaint itself makes clear that the prisoner failed to exhaust."[19]

In Louisiana, an inmate must follow a two-step Administrative Remedy Procedure ("ARP") process to exhaust administrative remedies before filing suit in federal court.  The ARP process is found in the Louisiana Administrative Code under Title 22, Part I, § 325. An inmate initiates the ARP process by completing a request for administrative remedy or by writing a letter

---

[12] *Denton*, 504 U.S. at 33, citing *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).
[13] *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998).
[14] Even if Richard had exhausted administrative remedies, the action would be subject to dismissal because, as it presently stands, the only named defendant, the Ascension Parish Jail, is not subject to suit under § 1983. *Douglas v. Gusman*, 567 F.Supp.2d 877, 892 (E.D. La. 2008), citing *United States ex rel. Arzonica v. Scheipe*, 474 F.2d 720, 721 (3rd Cir. 1973) (a prison is not an entity that can be sued under § 1983).
[15] 42 U.S.C. § 1997e(a).
[16] *Jones v. Bock,* 549 U.S. 199, 211 (2007).
[17] *Hicks v. Garcia*, 372 Fed.Appx. 557, 558 (5th Cir. 2010).
[18] *Jones*, 549 U.S. at 216.
[19] *Carbe v. Lappin*, 492 F.3d 325, 328 (5th Cir. 2014).

3

to the warden. An ARP screening officer screens the inmate's request and either accepts the request or rejects it for one of the allowed reasons. A request rejected during the screening process cannot be appealed to the second step. If a request is accepted at the screening level, the warden must respond on a first step response form within forty (40) days of receipt of the request (five days for a complaint under the Prison Rape Elimination Act). If an inmate is not satisfied with the first step response, he may proceed to the second step of the ARP process by appealing to the Secretary of the Department of Corrections (DOC). The DOC Secretary must issue a response within forty-five (45) days from the date the second-step request is received using a second step response form. An inmate dissatisfied with the second step response may file suit. Whether or not a second-step response is received, once ninety days have passed from the date the inmate begins the ARP process, unless an extension has been granted, the inmate may file suit.

It is clear from the face of the Complaint that Richard's claims are unexhausted. The incident about which he complains occurred on March 19, 2022, and this action was filed on April 26, 2022. Though Richard could have theoretically exhausted his claims during this time frame (had he received first and second step responses), he states in his original Complaint that he did not receive a copy of the Warden's response.[20] Even assuming Richard filed his grievance on March 19, 2022 (the date of the alleged incident), the Warden's response would not have been due to Richard until April 28, 2022. On April 29, 2022, had Richard still not received the Warden's response, he could have proceeded to the second step in the administrative remedy process. Instead of waiting for the time to expire to receive the first step response, then proceeding to the second step, he filed suit in this Court before completing the grievance process.

---

[20] R. Doc. 1, p. 1.

4

42 U.S.C. § 1997e requires Richard to exhaust the administrative remedies available to him at the prison before filing suit in this Court. It is apparent that Richard did not fully exhaust his administrative remedies,[21] which subjects his claims should be dismissed without prejudice.[22]

## RECOMMENDATION

**IT IS RECOMMENDED** that this case be **DISMISSED WITHOUT PREJUDICE** for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e) and 1915A due to Plaintiff Olijahjuan Richard's failure to exhaust administrative remedies before filing suit in this Court, as required by 42 U.S.C. § 1997e.[23]

Signed in Baton Rouge, Louisiana, on March 6, 2023.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[21] *See Conklin v. Randolph* 553 Fed.Appx. 457, 458 (5th Cir. 2014) (holding that a district court's dismissal on its own motion of a complaint as unexhausted was not in error when the failure to exhaust was apparent from the face of the complaint since the lawsuit was filed five days after the event giving rise to the lawsuit). There is also no indication that Richard filed an "emergency grievance" under the ARP procedure, which grievances are subject to a different procedure. Even if Richard had filed an emergency grievance, he would not be relieved of the requirement to exhaust administrative remedies. *Dartson v. Kastner*, No. 06-180, 2006 WL 3702634, at *2 (E.D. Tex. Dec. 13, 2006).

[22] *Dartson*, 2006 WL 3702634, at *3.

[23] Richard is advised that 28 U.S.C. § 1915(g) provides that, "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section [Proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." Should this Report and Recommendation be adopted, the Ruling in this matter will constitute a strike.